Citation Nr: 1546211 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 13-24 573 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUE

Entitlement to service connection for bilateral hearing loss.


ATTORNEY FOR THE BOARD

K. K. Buckley, Counsel


INTRODUCTION

The Veteran served on active duty from January 1974 to September 1976.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina.

In Board decisions dated February 2014 and June 2015, the claim was remanded for further evidentiary development. The VA Appeals Management Center (AMC) most recently continued the previous denial in a September 2015 supplemental statement of the case (SSOC). The Veteran's VA claims file has been returned to the Board for further appellate proceedings.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required. The Veteran will be notified if further action on his part is required.


REMAND

After having considered the matter, and for reasons expressed immediately below, the Board finds that the appeal must be remanded for further development.

Pursuant to the June 2015 Board Remand, the Veteran was afforded a VA audiological examination in July 2015. The examiner diagnosed the Veteran with bilateral hearing loss sufficient for VA compensation purposes. With respect to the question of medical nexus, the examiner concluded that the Veteran's hearing loss was not at least as likely as not caused by or a result of his military service. The VA examiner provided the following rationale: "Hearing tests dated January 25, 1974 and July 2, 1976 show normal hearing at entrance and exit from Navy with no significant changes. Although the Veteran present[s] lay evidence of noise exposure the physical evidence shows that no noise injury occurred during Navy service." The examiner continued, "[t]here are no complaints of hearing loss in the service record. The Veteran states today that he had hearing trouble during active duty, however the objective test results indicate normal hearing..."

Critically, as noted in the March 2014 VA examination report, the Veteran's service treatment records show that, although there is no significant shift in hearing from entrance examination in 1974 to separation examination in 1976, "[t]here is a shift from 1974 to 1975." Critically, this shift in hearing thresholds was neither recognized nor addressed by the July 2015 VA examiner. To this end, the June 2015 Board Remand specifically instructed the VA examiner to address the Veteran's "service treatment records, which indicate in-service shifts in the Veteran's hearing levels based on audiological testing at that time." Accordingly, the July 2015 VA medical opinion is inadequate as the examiner clearly did not thoroughly review the Veteran's medical history prior to rendering his opinion. Moreover, the Board notes that the absence of evidence of treatment for the claimed disorder in the Veteran's service treatment records cannot, standing alone, serve as the basis for a negative opinion. See Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006).

In Stegall v. West, 11 Vet. App. 268, 271 (1998), the United States Court of Appeals for Veterans Claims (Court) held that compliance with remand instructions is neither optional nor discretionary. Where the remand orders of the Board are not complied with, the Board errs as a matter of law when it fails to ensure compliance. As the Board's remand instructions have not been complied with, the claim of entitlement to service connection for bilateral hearing loss must be remanded so that this may be accomplished.

Accordingly, the case is REMANDED for the following action:

1. The AOJ should arrange for the claims file to be forwarded to a VA audiologist for review and an advisory medical opinion as to the etiology of the claimed bilateral hearing loss. The entire claims file must be made available to the examiner, including this Remand, and the examination report should include discussion of the Veteran's medical history as contained in the claims file. If a new examination is deemed necessary to respond to the question presented, one should be scheduled.

Following review of the claims file, the examiner should provide an opinion as to whether it is at least as likely as not (i.e., a 50 percent probability or greater) that the currently diagnosed bilateral hearing loss had its onset in service or is otherwise related to the Veteran's military service, to include the conceded in-service noise exposure.

The examiner should also address the Veteran's lay statements regarding his hearing acuity symptomatology during service and continuing thereafter. In rendering an opinion, the examiner is requested to discuss the significance of the noted hearing threshold shifts in service, as described by the March 2014 VA examiner.

The examiner should review the entire claims file and detailed rationale should be provided for all expressed opinions. If the examiner determines that he or she cannot provide an opinion without resorting to speculation, the examiner must explain the inability to provide an opinion, identifying precisely what facts could not be determined. In particular, the examiner must comment on whether an opinion could not be provided because the limits of medical knowledge have been exhausted or whether additional testing or information could be obtained that would lead to a conclusive opinion.

2. After completing the requested actions and any additional notification and/or development deemed warranted, readjudicate the claim on appeal in light of all pertinent evidence and legal authority. If any benefit sought is not granted, the Veteran must be furnished with a supplemental statement of the case and afforded the appropriate time period for response before the claims file is returned to the Board for further appellate consideration.
The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
THOMAS J. DANNAHER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).